UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

WILLIAM L. MCCLENDON,

                                    Petitioner,

        v.                                                    9:21-CV-0771
                                                              (TJM/ATB)
EUGENE J. CONWAY, Onondaga Co. Sheriff's
Dept.; ATTORNEY GENERAL OF NEW YORK,

                          Respondent.[1]

_____

APPEARANCES:                                        OF COUNSEL:

WILLIAM L. MCCLENDON
Petitioner, pro se
84000005
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

        Petitioner William McClendon seeks federal habeas relief pursuant to 28 U.S.C. §

2254.  Dkt. No. 1, Petition ("Pet.").  Petitioner also applied to proceed in forma pauperis

("IFP").  Dkt. No. 2, IFP Application.

        On July 8, 2021, the action was administratively closed due to petitioner's failure to

properly commence it.  Dkt. No. 3, Administrative Closure Order.  Petitioner was advised that

_____

        [1]  The proper respondent in a habeas action brought pursuant to 28 U.S.C. § 2254 is the superintendent of
the facility in which petitioner is incarcerated.  *See* Rule 2(a), Rules Governing Section 2254 Cases in the United
States District Courts & Advisory Notes.  Petitioner has incorrectly named "The Attorney General of New York" as
respondent.  Instead, the Clerk is respectfully directed to update the docket sheet to reflect the sole respondent,
Sheriff Eugene Conway, Warden of the Onondaga County Justice Center.  Petitioner was advised that

if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00), or (2) submit a completed, signed, and properly certified IFP application, within thirty (30) days of the filing date of that Order. *Id*. at 2-3.

On July 15, 2021, the Court received the statutory filing fee. Dkt. Entry for 07/15/21 (identifying receipt information for filing fee transaction). The case was reopened. Dkt. No. 4, Text Order (reopening action).

## II.   THE PETITION

Petitioner challenges an indictment for two counts of first degree criminal contempt, one count of second degree burglary, one count of second degree menacing, and one count of third degree criminal possession of a weapon. Pet. at 1. Petitioner indicated that he has been incarcerated for "38 weeks [with] no conviction." *Id*.; *see also id*. at 6 (explaining that petitioner "is still incarcerated, with no trial in dockets to date, will request trial and hope to attend."); Dkt. No. 1-1 at 12-13 (Onondaga County Court decision dated June 11, 2021, denying and dismissing petitioner's state habeas corpus petition because he sought relief which required the court's intervention in a pending criminal matter). Petitioner expresses an intention to appeal any sentence which is unfair. Pet. at 7.

Petitioner argues that he is entitled to federal habeas relief because (1) his constitutional rights were violated when his case was presented before a biased grand jury; (2) there were faulty jury instructions; (3) he was subjected to malicious prosecution; (4) he was not invited to attend his criminal hearings; and (5) he was subjected to judicial bias as evidenced by the court's decisions to deny petitioner release and bail. Pet. at 4-5. For a complete statement of petitioner's claims, reference is made to the petition.

## III.    DISCUSSION

Liberally construing petitioner's claims, he requests that this Court release him and dismiss the pending state court criminal indictment.  Pet. at 4-7.  Essentially, petitioner seeks to have the Court intervene in a pending state criminal matter and order his release from detention.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020).

Petitioner's present habeas action is nothing more than an attempt to circumvent the state court's rulings denying petitioner's requests for release, bail, and state habeas corpus relief.  Given the pending criminal matter, this Court must abstain.  Therefore, the petition is dismissed.  "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action."  *Thomas*, 2020 WL 2192716, at *2.  Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter.  *Id.*

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk is respectfully directed to update the caption to reflect the proper respondent; and it is further

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: July 28, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

4